UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NIKKI MELHORN,

        Plaintiff,

   v.                        Case No. 22-C-1257

N.E.W. CREDIT UNION,

        Defendant.

**SCREENING ORDER**

On October 24, 2022, Plaintiff Nikki Melhorn filed this action against Defendant N.E.W. Credit Union. The court is authorized to screen a complaint, regardless of a plaintiff's fee status, to "save everyone time and legal expense." *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8.

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting her claims; she only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th

Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

The plaintiff's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and will therefore be dismissed. The complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Fed. R. Civ. P. 8(a)(2). Instead, it rambles on for 28 pages. If the plaintiff has included meritorious factual allegations, they are buried in pages and pages of pseudo-legalese and citations to various federal and state statutes. The allegations are unclear as to who did what, when, and what happened as a result. Where multiple claims are asserted, a complaint is required to list each claim separately and set forth thereunder, preferably in numbered paragraphs, the allegations of fact necessary to provide notice to each defendant of what he or she did to, or did not do for, the plaintiff, including any injuries that resulted, that potentially give rise to personal liability on the part of a defendant and warrants requiring that he or she respond to a federal lawsuit. *See George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007) (noting that plaintiffs "must give enough detail to illuminate the nature of the claim and allow defendants to respond").

The court finds that the complaint fails to comply with Rule 8(a)(2). Therefore, the court will dismiss the original complaint submitted on October 24, 2022. If the plaintiff wishes to proceed, she must file an amended complaint curing the deficiencies in the original complaint as described herein. An amended complaint must be filed on or before **November 28, 2022**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action.

**IT IS THEREFORE ORDERED** that the complaint submitted on October 24, 2022, be and the same is **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff is directed to file an amended complaint on or before **November 28, 2022**.

**IT IS FURTHER ORDERED** that, if the plaintiff does not file an amended complaint by **November 28, 2022,** that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

Dated at Green Bay, Wisconsin this 28th day of October, 2022.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge